IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br><br>RALPH CARTY<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:90CR00085-01ML |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DEFER PAYMENTS**

Now comes the United States of America, by and through its undersigned attorneys, and objects to Defendant's Motion to Defer Payments and respectfully requests that the Court deny the Motion.

Defendant, Ralph Carty, Bureau of Prisons ("BOP") Registration No. 03385-070, is a federal inmate currently temporarily housed by the BOP at the Federal Medical Center in Devens, Massachusetts ("FMC Devens"). Defendant alleges in his pro se motion that because he is housed in special housing unit, as opposed to general population, he is unable to work in order to reduce his fine. See Def.'s Memo at 2.

Defendant also asserts that he was told that he would not qualify for placement in a Residential Re-entry Center ("RRC") (formerly known as halfway houses) until his fine is paid. See *Id*.

Defendant claims that due to the delegation of authority to set payments to BOP, he is placed in a "high" security capacity preventing any chance of employment, and that he must remain there until his release and that he is unable to participate in any [RRC] program. *See Id.* at 3.

Defendant requests that the Court defer his payments until he is released to a halfway house, or until he is placed on Supervised Release. *See Id.* at 2,5.

The Government denies Defendant's allegations and contends that the BOP is in the process of complying with the Court's direction that the defendant be considered for placement in the RRC, and when eligible to be considered for placement in the intensive substance-abuse treatment program. To the extent that the Defendant asserts unlawful delegation of authority in connection with the BOP's Inmate Financial Responsibility Program ("IFRP"), the government contends that the Court's judgment allows the BOP to enter into a voluntary IFRP plan with Defendant to collect restitution in the amount of at least $25.00 per quarter; and in assisting Defendant develop a IFRP plan, the BOP is not exercising exclusive judicial authority. Rather, the BOP is merely using the IFRP to collect the payments that the Court ordered as due immediately. *See Bramson v. Winn*, 2005 WL 1399321 at **1, (1st Cir. 2005).

## BACKGROUND

On May 8, 1992,the court sentenced Defendant following his conviction under Counts II and III of the underlying indictment, which charged him with with the Class A felony of receiving firearms after a prior felony conviction (Count II) and the Class C felony of possessing an unregistered rifle with a barrel length of less than sixteen inches (Count III). The Court sentenced Defendant on Count II to fifteen years of imprisonment with sixty months of supervised release and on Count Three to fifty-seven months imprisonment to run concurrent with the Count II term of imprisonment and with thirty-six months of supervised release. Additionally, Defendant was ordered to pay a $5,000 fine, due immediately.

On December 24, 2003, Defendant was released from the custody of the Federal Bureau of Prisons to the Commonwealth of Massachusetts to serve a state court sentence. Defendant's supervised release term commenced on May 19, 2006, when he was released from state incarceration. On or about May 22, 2007, Supervising U.S. Probation Officer Kurt E. O'Sullivan initiated a Petition for Warrant for Offender under Supervision, alleging that

Defendant had violated four standard conditions of his supervised release and on September 24, 2007, Defendant appeared on the warrant before the Court.

On December 5, 2007, the court sentenced Defendant to twenty-five months imprisonment to be followed by thirty-five months supervised release, with the following special conditions: That Defendant participate in and satisfactorily complete an inpatient and/or outpatient drug treatment program to include periodic testing up to 72 drug tests per year as approved by the U.S. Probation Department, and Defendant pay the balance of his $5,000 fine. Finding that Defendant did not have the ability to pay interest, the Court vacated all existing accrued interest and waived the interest requirement on the fine.

The Court ordered payment due immediately, providing that:

> "Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, **payment of criminal monetary penalties is due during imprisonment.** All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court."

*See* Exhibit A, Order of Judgment and Commitment. (emphasis added) Defendant did not appeal his sentence.

Defendant has made payments totaling $653 towards the fine. As of today's date, the principal balance of Defendant's fine is $4,347.

Defendant began his latest incarceration on December 19, 2007. *See* Exhibit B, Declaration of Regina Huffnagle at Attachment A, (Inmate Data as of 05-20-2008). After several assignments to In-Transit facilities, Defendant arrived at FMC Devens on February 21, 2008. *See* Exhibit at Page 1 ¶ 3.. As a holdover inmate at FMC Devens, Defendant is temporarily housed pending re-designation to another BOP Facility. *See* Id. at ¶ 4. While at FMC Devens, Defendant will remain in the Special Housing Unit under Administrative Detention status, though BOP staff has processed a transfer request for Defendant to be moved to

an appropriate facility commensurate with his security and custody level .*See* Id. at ¶ 4.

Defendant is currently eligible for consideration of an RRC. The BOP Unit Team has begun discussions with him and is processing an RRC referral recommendation for the Warden's consideration. Because he is currently IFRP exempt, his inability to pay toward his court obligation has no bearing on his RRC consideration and eligibility. *See* Id. at page 2 ¶ 8.).

## ARGUMENT

### I. The Defendant's arguments lack merit.

Defendant claims that because he is housed in a special housing unit, he is unable to work and that he cannot qualify for placement in a Residential Re-entry Center until his fine is paid. These claims are false. Defendant is in a special housing unit because he is temporarily housed pending re-designation to another BOP facility. While his status does effect his ability to work, the situation is only temporary. He is awaiting transfer. Once transferred, Defendant will be eligible to work and participate in the voluntary IFRP.

Defendant claims that due to the delegation of authority to set payments to BOP, he has been placed in "high" security, which prevents any chance of employment. He also claims that he must remain there until his release and therefore cannot participate in any RRC program. These claims are false. The reality is that Defendant arrived at FMC Devens as a High Security inmate. FMC Devens is not a High Security facility. Therefore, he cannot be released to the general compound. Accordingly BOP is working to redesignate him. Because he is within 14 months of his projected release date, he is eligible for RRC placement consideration. In fact, BOP is considering Defendant for such a program now.

Once admitted to an RRC, part of Defendant's duty will be to find employment. Any job would be a regular wage job. Once admitted for RRC placement, IFRP is not a BOP issue. Rather, it falls upon the particular RRC to work with an inmate to establish payments once the

inmate arrives and starts earning an income.

Defendant's exempt status as to the IFRP has no bearing on his consideration and referral for an RRC placement. Therefore, any allegation that he is in IFRP refusal status or that he is otherwise ineligible or not being considered for an RRC is simply not true .

**Conclusion**

For the foregoing reasons, the government respectfully requests that Defendant's Motion to Defer Payment be denied.

Respectfully submitted,

UNITED STATES OF AMERICA,
Defendant

ROBERT CLARK CORRENTE
United States Attorney

/s/ Milind M. Shah
MILIND M. SHAH
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: milind.m.shah@usdoj.gov

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 30th day of May, 2008, I electronically filed the within Government's Response to Defendant's Motion Defer Payments with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System.:

The Response was forwarded to following participant via first class mail:

Ralph Carty
Register Number: 03385-070
FMC Devens, P.O. Box 879
Ayer, Massachusetts 01432

/s/ Milind M. Shah
MILIND M. SHAH
Assistant United States Attorney